United States District Court
Southern District of Texas
**ENTERED**
November 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CECILIA DEL CARMEN AREVALO BERMUDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8887 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Cecilia Del Carmen Arevalo Bermudez ("Petitioner"), a citizen of El Salvador, entered the United States without inspection on October 29, 2014.[1] On September 30, 2026, Petitioner was taken into immigration custody.[2] That same day Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, pp. 3-4 ¶¶ 5, 7; Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 4 ¶ 11.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 4-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 4, p. 2.

due process.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 4). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[6] Petitioner has filed a response in opposition.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 4) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Habeas Petition, Docket Entry No. 1, pp. 13-14 ¶¶ 32-38.

[6]Respondents' MSJ, Docket Entry No. 4, pp. 1-2.

[7]Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment, Docket Entry No. 5.